IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| RHONDA L. SCHUTTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:08-cv-2013 |
| | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

This is Plaintiff's second attempt to litigate against her employer, the Internal Revenue Service (the "Service.") Her first complaint was dismissed with prejudice. See Schutte v. Commissioner, 6:07-cv-2030 (N.D. Ia. Oct. 9, 2007). This time around, Plaintiff is seeking various forms of damages for an alleged violation of the Privacy Act while insisting that the document in question is not a "record" protected by the Privacy Act in the first place. In addition to this fatal error, Plaintiff failed to allege that she was "adversely effected" by the disclosure; a necessary element to recover for a Privacy Act violation. Moreover, Plaintiff's complaint is deficient for two procedural reasons, including (1) naming the wrong party and (2) failing to properly serve the complaint. The Court should, accordingly, dismiss her complaint for failure to state a claim and for failure to properly serve the complaint.

1

3146635.1

STATEMENT

Plaintiff filed the complaint on February 26, 2008. In the complaint, Plaintiff alleged that her employer, the Internal Revenue Service (the "Service"), violated her rights under the Privacy Act. As remedy, she seeks that (1) her promotion to a Contact Representative be made retroactive with corresponding back pay, overtime, and other unspecified benefits, (2) she be retroactively promoted to a Revenue Officer position she interviewed for with corresponding back pay, overtime, and other unspecified benefits, (3) once she is retroactively promoted to a Revenue Officer position, rather than being placed in that position, that she be transferred to a Tax Resolution Representative position as soon as practicable, and (4) she be reimbursed for all of her lodging, meals and travel expenses from April 2006 to December 10, 2007.

Plaintiff alleges that on March 12, 2007, she received an e-mail from Wanda L. Day, Associate Director of Employment Operations Area A for Talent, Hiring and Recruitment.[1] In the e-mail, Day referenced a document titled "Order and Summary of Telephonic Status Conference." The same e-mail was sent to several other agency employees. Plaintiff acknowledges that the document in question does not constitute a "record" under Privacy Act. (Compl. p. 2.)

---

[1] Unless otherwise noted, all statements of fact in the present Memorandum are allegations made by Plaintiff in her complaint or are facts extracted from the exhibits thereto.

ARGUMENT

I.      **Defendant Is an Improper Party Under the Privacy Act**

The Court should dismiss this case against Commissioner of Internal Revenue Service and substitute the Internal Revenue Service (the "Service") as the proper defendant.

The only proper defendants under the Privacy Act, 5 U.S.C. § 552a, are federal agencies, not individuals. See, e.g., Connelly v. Comptroller of the Currency, 876 F.2d 1209, 1215 (5th Cir. 1989); Schowengerdt v. Gen. Dynamics Corp., 823 F2d 1328, 1340 (9th Cir. 1987); Armstrong v. United States Bureau of Prisons, 976 F. Supp. 17, 23 (D.D.C. 1997); c.f., Stone v. Def. Investigative Serv., 816 F. Supp. 782, 785 (D.D.C. 1993) (recognizing that individuals may only be defendants under the criminal penalty provisions of the Privacy Act). Accordingly, the Service should be substituted as a proper party defendant and the case dismissed against the Commissioner.

II.     **The Complaint Should Be Dismissed Because Service of Process Was Deficient**

Rules of Civil Procedure provide that the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at

3                                                                                                   3146635.1

Washington, D.C., and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or a response. Rabiolo v. Weinstein, 357 F.2d 167, 168 (7th Cir. 1966). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions where service is improper. See, e.g., Wallach v. Cannon, 357 F.2d 557, 559 (8th Cir. 1966) (finding that "[without need to go further here than the element of capturing process, the want of jurisdiction over the government appellees referred to, both federal and state, is plain and no additional comment is called for."); see also Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. See Myers v. Am. Dental Ass'n, 695 F.2d 716, 725 n. 10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980).

In this case, Plaintiff has not properly served a copy of the complaint on the Attorney General or on the United States Attorney.² Accordingly, Plaintiff has failed to properly serve the United States, and her complaint must be dismissed.

III.     **Plaintiff Failed To State a Claim Because She Admitted That No "Record" Was Disclosed And Because She Failed to Allege an "Adverse Effect."**

The Privacy Act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). Plaintiff must establish the following four elements to state a claim under the Privacy Act: (1) the information is covered by the Act as a "record" contained in a "system of records," (2) the Service "disclosed" the information, (3) the disclosure had an "adverse effect" on Plaintiff, and (4) the disclosure was "willful or intentional." Davis v. Runyon, 1998 WL 96558, *4 (6th Cir. 1998) (citing Quinn v. Stone, 978 F.2d 126, 131 (3d Cir. 1992)); Afshar v. Everitt, 2005 WL 2898019, * 3 (W.D. Mo. 2005).

Plaintiff pleaded herself out of this Court because she stated that the information disclosed was not a "record" or "system of records." Alternatively, Plaintiff failed to

---

²Although Plaintiff is appearing *pro se*, and the courts generally relax the procedural requirements for *pro se* plaintiffs, this is the second time Plaintiff has named the wrong party and improperly served her complaint. The Service pointed out the impropriety of her actions in the prior action. See Schutte, 6:07-cv-2030 (PACER # 10).

state a claim because she failed to allege that the disclosure had an "adverse effect" on her.

    A.    *The Information Disclosed Was Not a "Record" Contained in a "System of Records."*

Plaintiff, in her complaint on pages 2 and 3, argues persuasively that the document in question is neither a "record" nor a "system of records." The Service accepts her allegations as true. See, e.g., Krieger v. Dep't of Justice, 529 F. Supp. 2d 29, 41 (D.D.C. 2008) ("[u]nder the provisions of the Privacy Act, not every document held by an agency is a "record" and not every collection of data constitutes a "system of records.") The Eighth Circuit has emphatically stated that "[i]t is this court's conclusion, that the only disclosure actionable under section 552a(b) is one resulting from a retrieval of the information initially and directly *from the record contained in the system of records*." Olberding v. Dep't of Defense, 709 F.2d 621, 622 (8th Cir. 1983) (emphasis added). See also Hoffman v. Rubin, 193 F.3d 959, 965 (8th Cir. 1999) (same); Doe v. Dep't of Veteran Affairs, — F.3d –, 2008 WL 613128, *3 (8th Cir. Mar. 7, 2008) (same); Tobey v. N.L.R.B., 807 F. Supp. 798, 801 (D.D.C. 1992) (granting motion to dismiss a Privacy Act claim where the information released was not a "record.") Accordingly, Plaintiff failed to state a claim under the Privacy Act by pleading herself

out of court.[3] See, e.g., Runkle v. Gonzalez, 391 F. Supp. 2d 210, 238 (D.D.C. 2005) (finding that plaintiff has pleaded himself out of court by alleging that the information was not disclosed without his permission); Davis, 1998 WL 96558, *5 (upholding the district court's dismissal of the claim where the plaintiff failed to allege facts to determine whether something is a "record"); Corey v. McNamara, 409 F. Supp. 2d 1225, 1229 (D. Nev. 2006) (granting a motion to dismiss a Privacy Act claim where the disclosed documents were not part of a record maintained in a system of records); Afshar, 2005 WL 2898019, *4 (granting a motion to dismiss a Privacy Act claim where plaintiff failed to allege that the information allegedly improperly disclosed was (1) information contained in a "system of records," and (2) willfully disclosed).

  B. *Plaintiff Failed to Allege That the Disclosure Had an "Adverse Effect"*

Plaintiff failed to allege how the disclosure of the information adversely effected her. Accordingly, Plaintiff failed to state a claim under the Privacy Act. See, 5 U.S.C. § 552a(g)(1)(C) & (D); Davis, 1998 WL 96558, *5 (upholding the district court's dismissal of a Privacy Act claim because "Appellant does not allege facts indicating that the disclosure had an adverse effect on him.") See also Bassiouni v. F.B.I., 436 F.3d 712, 715

---

[3]Plaintiff also alleges, on pages 5 through 8 of her complaint, that the Service violated 5 U.S.C. §§ 552a(c)(1)(A) & (B), 552a(e)(1), 552a(e)(2), 552a(e)(5), 552a(e)(6). However, as Plaintiff herself acknowledges, each of these sections applies *only* to "records" and/or "system of records" and she pleaded that the information disclosed was neither.

(7th Cir. 2006) (stating that "adverse effect" is a prerequisite to a claim for civil remedies under the Privacy Act.")

CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint.

Date: April 16, 2008

Respectfully submitted,

/s/Jan M. Geht
JAN M. GEHT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6449
Fax: (202) 514-6866
E-mail: jan.m.geht@usdoj.gov
*Counsel for the United States*

OF COUNSEL:

MATT M. DUMMERMUTH
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS was caused to be served upon plaintiff on April 16, 2008, via fax as follows:

        RHONDA L. SCHUTTE
        515-564-6851

                         /s/ Jan Geht
                         JAN M. GEHT

3146635.1

Case 6:08-cv-02013-LRR   Document 6-2   Filed 04/16/08   Page 9 of 9