# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| RHONDA L. SCHUTTE, | |
| Plaintiff, | No. 08-CV-2013-LRR |
| vs. | |
| COMMISSIONER, INTERNAL REVENUE SERVICE, | **ORDER** |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant's Motion to Dismiss ("Motion") (docket no. 6).

## *II. PROCEDURAL BACKGROUND*

On February 26, 2008, Plaintiff Rhonda L. Schutte filed a complaint against the Commissioner of the Internal Revenue Service ("Complaint") (docket no. 2). In the Complaint, Plaintiff alleged her employer, the Internal Revenue Service ("Service"), violated Plaintiff's rights under the Privacy Act of 1974, set forth in 5 U.S.C. § 552a. Plaintiff contends, after she filed the Complaint, she mailed a copy of the summons and Complaint to the "US Court Northern District of Iowa" and to the "Commissioner, IRS in Washington D.C." Resistance (docket no. 7), at 1. On April 16, 2008, Defendant filed the Motion. On May 6, 2008, Plaintiff filed a Resistance. The court finds the Motion fully submitted and ready for decision.

## *III. STANDARD OF REVIEW*

Federal Rule of Civil Procedure 12(b)(6) authorizes the district court to dismiss a claim for a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, the court must view the allegations in the

complaint in the light most favorable to the non-moving party. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). The court must accept all the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing, in part, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)). "Rule 12(b)(6) does not countenance [. . .] dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## IV. RELEVANT FACTUAL BACKGROUND

Accepting the allegations in Plaintiff's Complaint as true and affording her all reasonable inferences, for purposes of the Motion the facts are these:

On March 12, 2007, Plaintiff received an e-mail from "Wanda L. Day, Associate Director for Employment Operations [. . .] for Talent, Hiring and Recruitment." Complaint at 1. In the e-mail, Ms. Day stated: "According to the attached 'Order and Summary of Telephonic Status Conference' [. . .] in the last paragraph of Page 2, the Merit Systems Protection Board ["MSPB"] has concurred with [. . .] Kansas City's determination that you were not qualified for promotion to the GS-6 level in October, 2003." Ms. Day attached a copy of the MSPB Order and Summary of Telephonic Status Conference ("MSPB Order") to the e-mail. Ms. Day's e-mail "was sent to several other agency employees[.]" *Id*.

Ms. Day's disclosure of the MSPB Order violated Plaintiff's rights under the Privacy Act. Ms. Day's disclosure of the MSPB Order was a "deliberate act" taken "to avoid acknowledging that the agency had engaged in a prohibited personnel act by not assigning [Plaintiff] the appropriate grade level of pay at the time of [Plaintiff's] promotion[.]" Complaint at 9.

## V. ANALYSIS

### A. *Substitution of Party*

As an initial matter, the court notes the parties agree Plaintiff should have named

the Service as the Defendant instead of the Commissioner of the Service.  Accordingly, the Clerk of Court shall dismiss the Commissioner from the instant action and add the Service as a defendant.

## B. Failure to State a Claim under the Privacy Act

The Privacy Act prohibits an agency from "disclos[ing] any *record* which is contained in a *system of records* by any means of communication to any person, or to another agency, except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains[.]"  5 U.S.C. § 552a(b) (emphases added).  A "record" is defined as:

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history[,] and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph[.]

*Id.* at § 552a(a)(4).

A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual[.]" *Id.* at § 552a(a)(5).

In the Complaint, Plaintiff stated the MSPB Order is neither a "record" nor a "system of records."  More specifically, Plaintiff alleged the MSPB Order "does not meet the Privacy Act [. . .] definition of 'record' because it is not a record that is maintained by [the Service].  This was [Plaintiff's] individual private record which involved the Department of Treasury's legal department and was not a final order or decision regarding [Plaintiff's] education, financial transactions, medical history or criminal or employment history."  Complaint at 2.  Plaintiff also alleged the MSPB Order "does not meet the

3

Privacy Act [. . .] definition of 'system of records' because [. . .] it was an individual private record of [Plaintiff's] and was not part of a 'group of records' under the control of the IRS." Complaint at 3.

Absent a "record" contained in a "system of records," a party's claim under section 552a(b) of the Privacy Act must fail. *See Olberding v. United States Dep't of Def., Dept. of Army*, 709 F.2d 621, 622 (8th Cir. 1983) ("[T]he only disclosure actionable under section 552a(b) is one resulting from a retrieval of the information initially and directly from the record contained in the system of records."). By pleading the MSPB Order was not a "record" or a "system of records," Plaintiff failed to state a claim upon which relief can be granted under the Privacy Act, and, therefore, the court shall dismiss the Complaint.

### C. Service's Other Arguments

Defendant argues the court should dismiss the Complaint because Plaintiff failed to properly serve Defendant. Federal Rule of Civil Procedure 4(m) allows a plaintiff to serve a defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Plaintiff filed the Complaint on February 26, 2008, so she is still within the 120-day period in which she may serve the Complaint. For this reason, Defendant's argument pertaining to defective service is premature. Defendant also argues Plaintiff failed to allege Defendant's actions had an adverse effect on her, which is required to state a claim under the privacy act. *See* 5 U.S.C. § 552a(g)(1)(C) & (D) (allowing an individual to "bring a civil action" when "a determination is made which is adverse to the individual" or which has "an adverse effect on an individual"). The court agrees Plaintiff failed to allege any adverse effect and summarily adopts Defendant's argument pertaining to the same. Indeed, even Plaintiff admits she did not allege an adverse effect in the Complaint. *See* Resistance at 2 ("I apologize to the court for not making it clear what 'adverse effect' resulted from this disclosure violation.").

4

## VI. CONCLUSION

For the foregoing reasons, the Motion (docket no. 6) is **GRANTED** and the Complaint (docket no. 2) is **DISMISSED**. Additionally, the Clerk of Court is **DIRECTED** to dismiss the Commissioner from the Complaint and add the Internal Revenue Service as a defendant.

**IT IS SO ORDERED.**

**DATED** this 19th day of May, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA